# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE PYTELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 7122 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| JASON BRADLEY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff Yvonne Pytell's Amended Complaint asserts four claims against defendant police officers Jason Bradley and Craig Holstead and against their employer, the City of Glen Ellyn, Illinois (the "City"). On December 11, 2006, Pytell and her boyfriend Brian Krase became involved in a domestic dispute. Pytell called the police, and Bradley and Holstead responded to the call.[1]

In her complaint, Pytell alleges that Bradley and Holstead falsely accused her of assaulting Krase and used excessive force in arresting her. The complaint identifies four claims. Count I alleges the use of excessive force in violation of Pytell's rights under the Fourth and Fourteenth Amendments to the Constitution. Count II alleges false arrest under the same amendments. Count III alleges that Bradley and Holstead violated Pytell's right to due process by falsely accusing her of assaulting Krase. Each of these counts is brought pursuant to 42 U.S.C. § 1983. Count IV seeks to assert liability against the City for the officer defendants'

---

[1] Defendants' motion also mentions Officer Nicholas Kozicki as an additional defendant. However, it appears from the docket that Kozicki has already been dismissed from the action. (*See* Doc. 29.)

actions under 745 Ill. Comp. Stat. 10/9-120. The defendants have moved for summary judgment on all counts.

## II. STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

At the summary judgment stage, the court should view the evidence in the light most favorable to the nonmoving party, drawing all inferences in that party's favor. *Cedillo v. Int'l Ass'n of Bridge & Structural Iron Works, Local Union No. 1*, 603 F.2d 7, 11 (7th Cir. 1979). However, the evidence presented at this stage must comport with the Federal Rules of Evidence and be admissible at trial, *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010), or it must consist of affidavits "made on personal knowledge, set[ting] out facts that would be admissible in evidence, and show[ing] that the affiant is competent to testify on the matters stated," Fed. R. Civ. P. 56(e)(1).

In addition to complying with the Federal Rules, the parties must also adhere to the Local Rules for the Northern District of Illinois and this court's Standing Order Regarding Motions for Summary Judgment. Local Rule 56.1 provides that the moving party shall serve and file:

1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e);
2) a supporting memorandum of law; and

> 3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law . . . .
>
> The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph.

L.R. 56.1(a). The party opposing summary judgment is required to respond with its own supporting evidence, memorandum of law, and "a concise response to the movant's statement . . . ." L.R. 56.1(b). "The district court has broad discretion to require strict compliance with Local Rule 56.1." *Judson Atkinson Candies, Inc. v. Latini-Hohnberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008). Where a party fails to reply to a statement of material facts, the facts contained in that statement are deemed to be undisputed. *Lyon Fin. Servs., Inc. v. AKB Enters., Inc.*, No. 09 C 6119, 2010 WL 4386841, at *2 (N.D. Ill. Oct. 28, 2010); *McNair v. Merrionette Park Police Dept.*, No. 09 C 1142, 2010 WL 3781021, at *1 (N.D. Ill. Sept. 22, 2010).

### III. ANALYSIS

In responding to defendants' motion for summary judgment, Pytell has not submitted any response to defendants' statement of material facts. Strict compliance with Local Rule 56.1 is required even of pro se litigants. *McNair*, 2010 WL 3781021, at *1. Pytell, who is represented by counsel, appears to have no excuse for failing to comply with the rules. Accordingly, the court will deem as undisputed all facts contained in the defendants' statement.

In support of their summary judgment motion, defendants argue that they are entitled to qualified immunity with respect to each of Pytell's claims. In order to overcome a defense of qualified immunity, Pytell bears the burden of demonstrating that (1) the facts, taken in the light most favorable to plaintiff, show that defendants violated a constitutional right, and (2) the

3

constitutional right was clearly established at the time of the alleged violation. *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

With respect to the false arrest claim, Pytell argues that Bradley and Holstead had no probable cause to arrest her, and her right not to be arrested absent probable cause was clearly established. Probable cause is an absolute to defense to a claim of false arrest. *Wagner v. Wash. County*, 493 F.3d 833, 836 (7th Cir. 2007). "Police ordinarily have probable cause if, at the time of the arrest, the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Id.* (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). "Whether police officers had probable cause to arrest a suspect and whether they are entitled to qualified immunity for the arrest are closely related questions, although qualified immunity provides the officers with an 'additional layer of protection against civil liability' if a reviewing court finds that they did not have probable cause." *Williams v. Jaglowski*, 269 F.3d 778, 781 (7th Cir. 2001) (quoting *Hughes v. Meyer*, 880 F.2d 967, 970 (7th Cir. 1989)). It is sufficient for the purposes of qualified immunity, that the officers even arguably had probable cause. *Id.* Pytell bears the burden of defeating defendants' claim of qualified immunity. *Puvis v. Oest*, 614 F.3d 713, 717 (7th Cir. 2010).

Pytell points to three pieces of evidence to support her false arrest claim. A police report prepared by Bradley stated that the officers observed ribbed marks on Krase's back. According to the report, the officers believed the marks had been left when Pytell struck Krase with a shower rod. Pytell argues that these markings are the only probable cause identified in the police report. However, according to Pytell, two other pieces of evidence—Krase's testimony and photographs of his back—demonstrate that no ribbed markings were visible. Pytell's arguments

4

are unavailing for two independent reasons. First, because Pytell failed to respond to defendants' Rule 56.1 statement, the court accepts as an undisputed fact that Bradley observed the ribbed marks on Krase's back. (*See* Defs.' Stmt., Doc. 47 ¶ 30.) Second, Pytell does not dispute that she and Krase were in the midst of a physical fight when the officers arrived, and that Krase had some bruising on his back. Illinois law provides that:

> A person commits domestic battery if he intentionally or knowingly without legal justification by any means:
>
> 1. Causes bodily harm to any family or household member . . . .
>
> 2. Makes physical contact of an insulting or provoking nature with any family or household member . . . .

750 Ill. Comp. Stat. 5/12-3.2. Even accepting Pytell's version of events and taking the facts in the light most favorable to her, Bradley and Holstead, at least, arguably had probable cause to arrest Pytell for battery. It would not matter that Bradley lied about additional markings on Krase's back. All that the court looks to is whether, objectively, probable cause existed at the time of the arrest. The officers' state of mind is irrelevant to the analysis. *Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004). Summary judgment is granted as to the false arrest claim.

With respect to the claim of excessive force, the defendants contend that even Pytell's own description of the arrest demonstrates that the officers' use of force was reasonable. "Excessive-force claims in the context of an arrest are reviewed under the Fourth Amendment's objective-reasonableness standard." *Cyrus v. Town of Mukwonago*, --- F.3d ---, No. 09-2331, 2010 WL 4483713, at *4 (7th Cir. 2010). The court asks whether, under the totality of the circumstances, the intrusion on a citizen's Fourth Amendment interests was justified by countervailing government interests such as officer safety. *Id.* A single page from the transcript

of Pytell's deposition is the only evidence concerning the excessive force claim which either party identifies for the court. Pytell described her arrest as follows:

> A: Yeah, I remember him [Holstead] pushing me into the chair, you know -- he grabbed me out of the chair and twisted my arms around, put handcuffs on me. Then he slammed me back into the chair with his hand. He pushed me. The chair almost fell over.
>
> Q: The chair didn't fall over though?
>
> A: No. I at no time resisted arrest either.
>
> Q: He pushed you into the chair?
>
> A: Yes.
>
> Q: In a sitting position?
>
> A: I'm sitting just like I am now.
>
> . . .
>
> A: He pulled me.
>
> Q: I'm going to take you through this. When he pushed you, did he push you into a sitting position into the chair?
>
> A: Yes.
>
> Q: Okay.
>
> A: Very hard.
>
> Q: Are you claiming any injuries from being pushed back into the chair?
>
> A: I was bruised. My fingers hurt. My hands hurt because when I hit the back of the chair he put the handcuffs so tight that -- I mean, it just -- they made marks around my wrists. It hurt.

(Pytell Dep., Doc. 47 Ex. B at 57-58.)

"[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S.

386, 396 (1989). "Not every push or shove . . . violates the Fourth Amendment." *Id*. However, defendants do not point to any justification for even the small amount of force described by Pytell. Pytell testified that she did not resist arrest, and defendants cite no case law suggesting that force is appropriately used against even a cooperative arrestee.

Pytell's brief fails to respond in any way to defendants' argument about the excessive force claim. Ordinarily this might be a fatal mistake because Pytell bears the burden at trial of coming forth with evidence that the officers' use of force was unjustified. On summary judgment, however, the moving party bears the (relatively minor) burden of initially identifying an absence of evidence on a particular element of a claim before the burden shifts to the non-movant to demonstrate the existence of a genuine dispute of fact as to that element. *Celotex*, 477 U.S. at 322. Here, the evidence identified by defendants suggests the use of force without any justification. Defendants have not met their initial burden, and summary judgment is accordingly denied.

With respect to the due process claim, Pytell alleged in her complaint that Bradley and Holstead "fabricated a story that Plaintiff injured her boyfriend," leading to the prosecution of Pytell. The alleged fabrication appears to be Bradley's statement in the police report that the officers observed ribbed markings on Krase's back. The parties dispute whether Seventh Circuit law permits Pytell to state a due process claim when, as in this case, prosecutors ultimately decide not to pursue the charges. However, the court need not resolve this legal question. As noted above, by failing to respond to defendants' Rule 56.1 statement, Pytell, in effect, conceded that the officers did observe the markings on Krase's back. Thus no factual basis remains to support the due process claim, and summary judgment is appropriate.

7

Pytell's final claim against the City involves state law and is based on a theory of vicarious liability for the actions of Bradley and Holstead. The defendants' only argument with respect to this claim is that, if the court grants summary judgment as to the claims against the officers, summary judgment is also appropriate for the claim against the City. Because the court denies summary judgment as to the excessive force claim, Count IV will survive as well.

### IV. CONCLUSION

Summary judgment is granted as to Counts II and III and denied as to Counts I and IV.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 7, 2010